FILED

'12 JUL 16  AM IO: 47

CLERK, U.S. DISTRICT C⎯
SOUTHERN DISTRICT OF CALIF⎯.

BY: _____  DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HERNANDEZ,<br><br>                                    Petitioner,<br><br>           v.<br><br>PEOPLE OF THE STATE and KAMALA D. HARRIS, Attorney General of the State of California,<br><br>                                    Respondents. | Civil No.    12-1682 BEN (DHB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to

1  name a proper respondent.  See id.

2       The warden is the typical respondent. However, "the rules following section 2254 do not

3  specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the

4  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

5  institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a

6  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

7  be the state officer who has official custody of the petitioner (for example, the warden of the

8  prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

9       A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

10  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

11  actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.

12  Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

13  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

14  body" if directed to do so by the Court. "Both the warden of a California prison and the Director

15  of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d

16  at 895.

17       Here, Petitioner has incorrectly named "People of the State," as Respondent.

18  Additionally, Kamala Harris, the Attorney General of the State of California, is not a proper

19  respondent in this action.  Rule 2 of the Rules following § 2254 provides that the state officer

20  having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254.

21  However, "if the applicant is not presently in custody pursuant to a state judgement against

22  which he seeks relief but may be subject to such custody in the future," then "the officer having

23  present custody of the applicant as well as the attorney general of the state in which the judgment

24  which he seeks to attack was entered shall each be named as respondents." Rule 2(b), 28 U.S.C.

25  foll. § 2254.  Here, there is no basis for Petitioner to have named the Attorney General as a

26  respondent in this action.

27       In order for this Court to entertain the Petition filed in this action, Petitioner must name

28  the warden in charge of the state correctional facility in which Petitioner is presently confined

1  or the Director of the California Department of Corrections.  Brittingham v. United States, 982

2  F.2d 378, 379 (9th Cir. 1992) (per curiam).

3  **CONCLUSION AND ORDER**

4       Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to

5  amend due to Petitioner's failure to satisfy the filing fee requirement and name a proper

6  respondent.  To have this case reopened, Petitioner must submit a copy of this Order with the

7  $5.00 fee or with adequate proof of his inability to pay the fee AND a First Amended Petition

8  that remedies the pleading deficiencies noted above, **no later than September 18, 2012**.  *The*

9  *Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma*

10  *Pauperis Application along with a First Amended Petition form.*

11       **IT IS SO ORDERED.**

12  

13  DATED:  7/13/2012

14                          Roger T.  Benitez
                    United States District Judge

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28