1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11    FRANCISCO HERNANDEZ,                        Civil No.    12cv1682-BEN (DHB)

12                              Petitioner,        **ORDER DENYING WITHOUT
                                                  PREJUDICE PETITIONER'S**
13                    v.                           **REQUEST FOR APPOINTMENT OF
                                                  COUNSEL**
14    TIM V. VIRGA, Warden,
                                                  **[ECF No. 9]**
15                              Respondent.

16

17          Petitioner, Francisco Hernandez, a state prisoner proceeding *pro se*, has requested

18    appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28

19    U.S.C. § 2254.  [EFC No. 9.]  The request for appointment of counsel is denied without

20    prejudice.

21          The Sixth Amendment right to counsel does not extend to federal habeas corpus actions

22    by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991);  *Chaney v. Lewis*, 801 F.2d

23    1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).

24    However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may

25    obtain representation whenever the court "determines that the interests of justice so require.'"

26    18 U.S.C. § 3006A(a)(2)(B) (2010); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir.

27    1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469,

28    471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. If the Court determines that an evidentiary hearing becomes necessary in the future, the Court will require appointment of counsel at that time.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. The Ninth Circuit considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court typically finds appointment of counsel unnecessary. *LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987.) Further, the Ninth Circuit notes that "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471.

At this stage of the proceedings, it does not appear that appointment of counsel is required to prevent a due process violation. There is no indication that the issues are too complex or that Petitioner is incapable of presenting his claims. From the face of the Petition, filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal issues involved. He has also been able to articulate the factual and legal bases of his claim in a clear and coherent manner. Indeed, Petitioner has been successful in getting a Petition on file, filing a motion for leave to proceed *in forma pauperis,* and filing the instant motion. Moreover, the Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the Petition. Finally, it appears the Court will be able to properly resolve the issues involved on the basis of the state court record. Therefore, the Court finds that the interests of justice do not require the appointment of counsel at this time.

/ / /

/ / /

1        Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** without

2   prejudice.

3        **IT IS SO ORDERED**.

4   DATED:  October 29, 2012,

5

6                                    DAVID H. BARTICK
                                     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28